UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMY HALL,

                Plaintiff,                              Case Number 09-10933

v.                                                    Honorable David M. Lawson
                                                        Magistrate Judge Mark A. Randon

RAJA a/k/a VISHNAMPET THYAGARAJAN,
JANY SHARPLEY, and RAWAL,

                Defendants.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, OVERRULING DEFENDANT THYAGARAJAN'S
OBJECTIONS, DENYING DEFENDANT THYAGARAJAN'S
MOTION TO DISMISS, AND ALLOWING AMENDED COMPLAINT**

      The plaintiff, Tommy Hall, is a Michigan prisoner who filed a civil rights complaint under 42 U.S.C. § 1983 against several prison healthcare officials. The case was referred to Magistrate Judge Mark A. Randon to conduct all pretrial proceedings, and the case is before the Court on Judge Randon's second report and recommendation dealing with a defendant's motion to dismiss on failure-to-exhaust grounds. As mentioned in this Court's previous order adopting a prior report from Judge Randon, plaintiff Hall alleges that he suffers from a congenital birth defect that causes constant pain. He had two back surgeries before he was imprisoned, and he alleges that the defendants are denying him proper follow-up care including pain medication and physical therapy, which amounts to deliberate indifference in violation of the Eighth Amendment's prohibition against cruel and unusual punishment and the Fourteenth Amendment's due process clause.

      Defendants Jany Sharpley and Dean Johnson (the RN Defendants) filed a motion to dismiss on May 15, 2009, arguing that the plaintiff had not exhausted his administrative remedies. The magistrate judge recommended that the Court deny the motion to dismiss as to Ms. Sharpley and

grant the motion as to Mr. Johnson, and the Court adopted that recommendation over the defendants' objections. Since then, defendant Vishnampet Thyagarajan, whom the plaintiff misidentified as "Raja" in his suit papers, filed a motion to dismiss on the same grounds. Judge Randon filed a report on April 24, 2010 recommending that the motion be denied based on the same reasoning adopted by the Court earlier with respect to defendant Sharpley's motion. The defendant filed an objection. In the report, Judge Randon observed that the plaintiff, originally proceeding *pro se*, had retained counsel who had filed an appearance. Judge Randon indicated that the plaintiff's *pro se* complaint may be defective, but counsel should have an opportunity to seek leave to amend. Plaintiff's counsel filed such a motion, and the defendants filed a response opposing the motion on the grounds that the new complaint was futile and the decision on that motion should be deferred until this Court rules on the objections to Judge Randon's latest report and recommendation. The motion to amend remains pending.

In the latest report, Judge Randon found that, "[a]lthough Dr. Thyagarajan was not identified by name in Plaintiff's grievance, prison officials responded to Plaintiff's grievance on the merits, without noting this procedural deficiency, and the grievance was otherwise sufficient to identify the involvement of Dr. Thyagarajan." Rep. & Rec. at 2. Although "Dr. Raja" was not named specifically in the plaintiff's grievance, Judge Randon noted that Dr. Raja was the only medical provider to see the plaintiff at the prison before the plaintiff filed the grievance concerning his medical care. The prison official responding to the grievance not only recognized the involvement of the Dr. Thyagarajan, but acknowledged that the plaintiff disagreed with the medical provider's treatment decisions. Magistrate Judge Randon concluded his reasoning on the exhaustion issue with the following:

Further, in response to the Grievance, the prison failed to even mention Plaintiff's "procedural default" of failing to specifically name the "medical staff" against whom he grieved. Instead, they correctly deduced that the Grievance involved Dr. Thyagarajan and responded accordingly. As the Sixth Circuit recently recognized, a prison may properly preserve its right to subsequently seek dismissal of a prisoner's federal lawsuit for failure to exhaust, where it both denies the grievance on the merits *and* denies it for failure to comply with "critical grievance procedures."

> Where the [prisoner's] grievance is denied alternatively on the merits and for failure to comply with critical grievance procedures, a later action will be subject to dismissal for failure to properly exhaust under *Woodford*. *See Grear v. Gelabert,* No. 07-cv-203, 2008 WL 474098, at *2, n. 1 (W.D. Mich. Feb. 15, 2008) ("A state is, of course, always free to reject a grievance both for failure to properly comply with available procedures and on the merits . . . . As long as the 'procedural default' rejection is clear, a subsequent § 1983 claim based on the grievance will be subject to dismissal for failure to properly exhaust.")

*Vandiver v. Correctional Medical Services, Inc.*, 326 F[.] App[']x[] 885 (6th Cir. May 1, 2009). Here, prison officials failed to even mention Plaintiff's failure to comply with the Policy.

*Id.* at 9-10.

Magistrate Judge Randon found that Dr. Thyagarajan's arguments that the grievance did not state any allegations against him and did not address the plaintiff's subsequent complaint allegations (i.e., that Dr. Thyagarajan did not refer the plaintiff for diagnostic testing or specialist consultation), were not "well taken." *Id.* at 10. Magistrate Judge Randon explained:

> The Grievance clearly states that "*I have not been to a pain doctor since I've been at RG&C or SMT. Nor has an MRI been scheduled.*" Given the liberal construction afforded prisoner filings, this can be interpreted to claim, without "active interpretation," a lack of access to a specialist (pain doctor) and a lack of diagnostic testing (an MRI). *See Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The appropriate liberal construction [afforded prisoner pleadings] requires active interpretation in some cases. . ."). As Plaintiff's MP, it is likely that Dr. Thyagarajan would be involved in making these referrals. As such, Plaintiff properly exhausted his administrative remedies as to Dr. Thyagarajan.

*Id*. at 10-11.

Dr. Thyagarajan filed timely objections to the magistrate judge's report and recommendation on two grounds: (1) the plaintiff's failure to name Dr. Thyagarajan in his grievance constitutes a failure to comply with the MDOC policy's specific requirement to name every individual involved in the issue being grieved and, therefore, constitutes a failure to properly exhaust under 42 U.S.C. § 1997e(a) with respect to Dr. Thyagarajan; and (2) because the plaintiff failed to properly exhaust his administrative remedies with respect to his claims against Dr. Thyagarajan, the plaintiff should not be granted leave to amend his complaint because any such amendment would be futile due to the fact that the plaintiff's claims are barred by 42 U.S.C. § 1997e(a).

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

Dr. Thyagarajan's objections are specific, but they address the same issues squarely addressed and rejected by the magistrate judge. They also lack merit. The Supreme Court has held that "failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act], and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). This affirmative defense may serve as a basis for dismissal only if raised and proven by the defendants. *Ibid.* Since the Supreme Court decided *Jones v. Bock*, the Sixth Circuit has stated that courts ought not impose severe technical requirements on prisoners who

comply with the spirit and purpose of the administrative exhaustion rules. "[I]t is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (internal quotation marks and citation omitted).

A fair indicator that the purpose of the grievance was fulfilled is the prison's response to the inmate's complaint. If the information in the grievance is too vague or imprecise, a response so indicating would tell the interested parties that more detail is necessary. However, when prison officials address the merits of the prisoner's complaint without even mentioning a problem identifying the object of the grievance, the administrative system has worked and the prison officials have had the "opportunity to correct [their] own mistakes." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (internal citation and quotation marks omitted).

Although the Michigan Department of Corrections' (MDOC) policy requires a grievance to include specific names, those requirements are relaxed when the purpose of the grievance has been achieved. "This relaxed standard is consistent with the general practice of liberally construing *pro se* prisoners' filings." *Bell*, 450 F.3d at 654 (quoting *Spencer*, 449 F.3d at 725).

The Sixth Circuit has been quite explicit on this point. *See Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010). In *Reed-Bey*, the defendants challenged on exhaustion grounds the complaint of a prisoner who "pursued his grievance through all three levels of prison review, yet he failed to identify the 'names of all those involved' in the grievance, as the prison's grievance procedures require." *Id.* at 323. The court held that "[b]ecause the Michigan Department of

Corrections opted to dismiss his grievance on the merits rather than invoke its procedural bar, Reed-Bey exhausted his claim. " *Ibid.* The court reasoned as follows:

> When prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we. . . .
>
> Enforcing internal prison rules even when prison officials do not and even when they proceed to address a grievance on the merits takes *Woodford* one step too far. It would do more than ensure that prison officials get the first shot at correcting their own mistakes; it would give their merits-based grievance denials undeserved insulation from federal judicial review.

*Id.* at 325, 326.

The magistrate judge correctly concluded that the prison's response to the merits of the plaintiff's grievance satisfied the need for specificity expressed in the MDOC's grievance procedure, and the grievance filed by the plaintiff satisfied the exhaustion requirement.

That leaves the plaintiff's motion to amend. Dr. Thyagarajan's opposition to that motion rests on a claim of futility, the failure to exhaust, and the timing of the motion in relation to the pending motion to dismiss. Defendant Sharpley has objected to the proposed amended complaint on the grounds that it exceeded the scope of the issues suggested by the magistrate judge. The Court is satisfied that the proposed amendment is proper. The plaintiff's initial complaint was filed by a prisoner untrained in the law; the amendment has been crafted by an attorney and sets forth facts that tend to state the elements of an Eighth Amendment claim. The failure to exhaust issue is no bar to the proposed amendment, and the merits and sufficiency of the complaint can be tested by further motion practice or, ultimately, trial. The fact that the amendment is broader than originally discussed is no bar under Federal Rule of Civil Procedure 15.

Accordingly, it is **ORDERED** that defendant Thyagarajan's objections to the magistrate judge's report and recommendation [dkt #51] are **OVERRULED**.

It is further **ORDERED** that the report and recommendation [dkt #49] is **ADOPTED**.

It is further **ORDERED** that defendant Thyagarajan's motion to dismiss [dkt #38] is **DENIED**.

It is further **ORDERED** that the plaintiff's motion for leave to amend his complaint [dkt #52] is **GRANTED**. The proposed amended complaint is deemed filed as of today.

It is further **ORDERED** that the matter is referred to Magistrate Judge Mark A. Randon under the previous reference order [dkt #12] to ready the matter for trial and to conduct a trial if the parties consent under 28 U.S.C. § 636(c)(1).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 2, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 2, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO