UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMY HALL,

       Plaintiff,                      CIVIL ACTION NO. 09-10933

      v.                                DISTRICT JUDGE DAVID M. LAWSON

RAJA, ET. AL.,                     MAGISTRATE JUDGE MARK A. RANDON,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART DEFENDANT PHS'S MOTION TO DISMISS (DKT. 78)**

This matter is before the undersigned Magistrate Judge pursuant to an order of reference filed on July 22, 2009 (Dkt. No. 24). Plaintiff Tommy Hall (Plaintiff) brought a civil rights claim under 42 U.S.C. § 1983 against several Defendants alleging deliberate indifference to his serious medical needs. Plaintiff alleges that he suffers from a congenital birth defect that causes pain (Dkt. No. 64, p. 4), and that Defendants denied him adequate medical care (Dkt. No. 64, p. 6). On February 24, 2011, Defendant Prison Health Services (Defendant PHS) filed the instant motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Dkt. No. 78) contending that Plaintiff's Complaint failed to state a claim of deliberate indifference and failed to allege a basis for injunctive relief.

Plaintiff's response (Dkt. No. 92) to Defendant PHS's motion to dismiss argued, *inter alia*, that Plaintiff did not fail to state a cause of action in reference to his deliberate indifference claim, but conceded that there is no viable request for injunctive relief, as Plaintiff is no longer

incarcerated (Dkt. No. 92, p. 2). Defendant PHS filed a reply (Dkt. No. 93) to Plaintiff's response stating that Plaintiff's response should be stricken because it was untimely (Dkt. No. 93, p. 1). For the reasons discussed below, **IT IS RECOMMENDED** that Defendant PHS's motion to dismiss Plaintiff's claim for injunctive relief be **GRANTED** and that Defendant PHS's motion to dismiss Plaintiff's deliberate indifference claim be **DENIED** .

## I. BACKGROUND

Plaintiff, a former Michigan prisoner, brought this civil rights claim under 42 U.S.C. § 1983 against several prison healthcare officials (Dkt. No. 64). Plaintiff was incarcerated by the Michigan Department of Corrections (MDOC) at its Reception and Guidance Center in Jackson, Michigan before being transferred to the Parnall Correctional Facility on September 11, 2008 (Dkt. No. 64, p. 3). Plaintiff alleges he has a congenital birth defect that results in his spinal cord narrowing and that two surgeries have been performed to relieve nerve compression: one in April 2000 while he was previously incarcerated, and the second, a spinal-fusion surgery, on April 23, 2008, which was performed outside of prison (Dkt. No. 64, p. 4). Plaintiff states that, when he returned to prison on August 14, 2008, he was removed from all medications; he repeatedly requested follow-up medical care including pain medication and physical therapy, but his requests were continually denied (Dkt. No. 64, p. 5). Defendant PHS began providing medical services to the prisons in the state of Michigan beginning on April 1, 2009, after the previous provider's contract terminated (Dkt. No. 64, p. 4).

During the time Plaintiff was incarcerated, his pain condition was bad enough to warrant three emergency trips to Allegiance Hospital where he was given Morphine and Dilaudid for pain (Dkt. No. 64, p. 5). Plaintiff alleges that, after returning to prison, these pain medications were

discontinued. Beginning in December, 2008, or January, 2009, Plaintiff was prescribed Ultram for his pain (Dkt. No. 64, p. 6). Plaintiff alleges that this prescription was continued after Defendant PHS took over care of Plaintiff (Dkt. No. 64, p. 6). However, Plaintiff claims to have continued suffering pain after receiving this medication (Dkt. No. 64, p. 6). In Count One of the Amended Complaint, Plaintiff requests injunctive relief including: that he be provided with an air mattress, that Defendant PHS provide immediate pain medications, and that he be allowed to schedule an appointment with Dr. Timothy Spencer to evaluate his present condition (Dkt. No. 64, p. 11-12).

In Count Five of the Amended Complaint, Plaintiff claims that Defendant PHS had the duty to meet Plaintiff's medical needs at all times beginning after April 1, 2009, and that the policies adopted by Defendant PHS run counter to this principle (Dkt. No. 64, p. 23-24). Plaintiff cites MDOC Policy Directive 04.06.135 regarding when a prisoner is entitled to receive outside care (Dkt. No. 64, p. 23). Plaintiff also cites MDOC Policy Directive 03.04.100 (K) which requires Defendant PHS to comply with MDOC policy (Dkt. No. 64, p. 23).

Plaintiff claims that a qualified health care provider (Dr. Sudhir) informed Plaintiff his medical needs were beyond the scope of care available in the prison and that Plaintiff needed an appointment with his surgeon (Dr. Spencer) (Dkt. No. 64). Plaintiff attempted to schedule such an appointment through his Health Unit Manager, but was unsuccessful (Dkt. No. 64, p. 24). Plaintiff claims that it is Defendant PHS's custom, practice, or policy to ignore recommendations for outside care made by qualified healthcare service personnel, and also to not pay special attention to inmates who have recently had major surgery (Dkt. No. 64, p. 23). As a result of the alleged deliberate indifference Defendant PHS exhibited toward Plaintiff's suffering, Plaintiff

claims to be damaged and is asking for compensation in excess of $75,000 plus exemplary damages, costs, interest, and attorney fees (Dkt. No. 64, p. 24).

## II. ANALYSIS

### *A. Standard of Review*

A motion to dismiss pursuant to Fed. R. of Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. Under Fed. R. of Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption, however, is not applicable to legal conclusions. *See Iqbal*. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B. *Plaintiff's Request for Injunctive Relief Should Be Dismissed*

In Count One of his Amended Complaint, Plaintiff requests injunctive relief (Dkt. No. 64). In response to Defendant PHS's motion to dismiss, Plaintiff concedes that there is no viable request for injunctive relief since Plaintiff is no longer incarcerated (Dkt. No. 92, p. 2). Therefore, Plaintiff's request for injunctive relief against Defendant PHS should be dismissed.

### C. *Plaintiff Has Stated a Claim of Deliberate Indifference Against Defendant PHS*

Defendant PHS next argues that Plaintiff has failed to state a claim upon which relief can be granted. Specifically, Defendant PHS contends that Plaintiff has not stated a plausible claim of deliberate indifference as Plaintiff has not alleged that Defendant PHS had a policy, practice, or custom that was allegedly unconstitutional.

It is well established that an inmate has a cause of action under 42 U.S.C. § 1983 against prison officials for "deliberate indifference" to his serious medical needs, since the same constitutes cruel and unusual punishment proscribed by the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Under *Monell*, in order to establish a § 1983 claim against a corporation, Plaintiff must allege that he suffered deliberate indifference due to a policy, practice, or custom of Defendant PHS. *See Monell v. New York City Dept. of Social Servs.*, 436 US 658, 690 (1978); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (extending the holding in *Monell* to private corporations). A claim relying on the doctrine of *respondeat superior* will not lie. *See Monell,* 436 US 658, at 691. In order to satisfy the requirements set forth in *Monell*, Plaintiff must "identify the policy, connect the policy to the [corporation] itself and show that the particular injury was incurred because of the execution of that policy." *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987).

In the instant case, Plaintiff had the right to receive adequate medical care while incarcerated and under the care of Defendant PHS. *See Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). Those responsible for Plaintiff's medical care had the duty to prevent "undue suffering or the threat of tangible residual injury." *Id*. The Amended Complaint alleges that Plaintiff suffered due to the actions of Defendant PHS not providing adequate pain medications, and preventing Plaintiff from seeking medical advice from his surgeon (Dkt No. 64, p. 23-25). The Amended Complaint further alleges that the deprivation of Plaintiff's rights were a direct result of the policies, practices and customs that have been adopted by Defendant PHS (Dkt. No. 64, p. 23-25). Plaintiff alleges that Defendant PHS agreed to meet Plaintiff's medical needs beginning on April 1, 2009 and ending when Plaintiff was released, thereby making it responsible for upholding Plaintiff's rights (Dkt. No. 64, p. 23). Defendant PHS argues that all of the policies complained about by Plaintiff are not policies of Defendant PHS, but rather policies of the Michigan Department of Corrections ("MDOC"). However, Defendant PHS does not cite any case law holding that MDOC health care policies may not be imputed to Defendant PHS and, at this stage of the litigation, it is unclear whether Defendant PHS can be held accountable for following what it claims to be MDOC's policies and procedures.

Furthermore, at this point in the proceedings, all of Plaintiff's factual allegations must be accepted as true. Plaintiff's Amended Complaint (Dkt. No. 64) alleges the following against Defendant PHS:

> 71. The policies, practices, and customs adopted formally or by practice and custom by PHS and applicable to Plaintiff are as follows:
>
> > 1. Michigan Department of Corrections Policy Directive 04.06.135 regarding Prisoners Requesting Outside Health Services at Own

>  Expense in its entirety, and specially subparagraph G which provides for outside care not at prisoner's expense when it is recommended by a qualified health care person.
>
>  2. The custom, practice, or policy at a high corporate level to ignore recommendations for outside care made by qualified health service personnel.
>
>  3. The custom, practice, or policy to not pay special attention to inmates, who, on admission have recently had major surgery, and to not consult the outside surgeon for information and guidance for that inmate's health care.
>
>  4. MDOC policy directive 03.04.100 subparagraph K which requires the network provider (PHS) to comply with MDOC policy on the delivery of health care service to prisoners.
>
> 72. The customs, practices, directives, and guidelines, of PHS as applied to Plaintiff, were unconstitutional and violations of Plaintiff's constitutional rights as follows:  Although MDOC Policy Directive 03.04.100 (K) requires PHS to comply with MDOC policy, PHS disregarded its responsibility to deliver health care service to Plaintiff by disregarding the recommendation of Dr. Sudhir that Plaintiff have an appointment with his outside surgeon, Dr. Spencer, because Plaintiff's needs were beyond the scope of the available institutional services.  This action directly by PHS was unreasonable, cruel and inhumane, and therefore unconstitutional.
>
> 73. In November of 2009, Dr. Sudhir informed Plaintiff that his medical needs were beyond the scope of available institutional services and that he needed an appointment with Dr. Spencer.  Plaintiff attempted unsuccessfully to get such an appointment through his Health Unit Manager.
>
> 74. That facts alleged in this count show deliberate indifference to Plaintiff's constant suffering.  Plaintiff has suffered throughout this incarceration from not having any input from his outside care provider and surgeon, Dr. Spencer.

Whether or not discovery will serve to prove Plaintiff's allegations against Defendant PHS remains to be seen.  However, at this stage of the litigation, a motion to dismiss is not the appropriate vehicle to adjudicate Plaintiff's claims.  *See, e.g., Hagopian v. Smith*, No. 05-74025, 2008 WL 3539251 *5 (E.D. Mich. Jan. 31, 2008) ("Defendant CMS attempts to place the responsibility for...procedures

[governing referrals to outside health care] on the MDOC. However, Plaintiff has alleged that Defendant CMS is at least in part responsible. At this stage of the proceeding the Court must take Plaintiff's allegations as true. Plaintiff's allegations that Defendant CMS's policies are violating his Eighth Amendment rights are sufficient to survive this motion to dismiss") (citations omitted) adopted by *Hagopian v. Smith*, No. 05-74025, 2008 WL 3539256 *4 (E.D. Mich. Aug. 12, 2008).

In sum, I find that Plaintiff has stated a facially plausible claim of deliberate indifference against Defendant PHS. Therefore, it is recommended that Defendant PHS's motion to dismiss be denied and that Plaintiff's Eighth Amendment claim against Defendant PHS be allowed to proceed through discovery.

### III. CONCLUSION

Accordingly, **IT IS RECOMMENDED** that Defendant PHS's motion to dismiss (Dkt. No. 78) be **GRANTED** as to the injunctive relief requested against Defendant PHS, but **DENIED** as to the deliberate indifference claim asserted against Defendant PHS.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D.

Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                    s/Mark A. Randon  
                                                    MARK A. RANDON  
                                                    UNITED STATES MAGISTRATE JUDGE

Dated: August 4, 2011

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, August 4, 2011, by electronic and/or first class U.S. mail.*

                                                  *s/Melody R. Miles*  
                                                  *Case Manager to Magistrate Judge Mark A. Randon*