UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMY HALL,

          Plaintiff,             Case Number 09-10933
v.             Honorable David M. Lawson
          Magistrate Judge Mark A. Randon

RAJA a/k/a VISHNAMPET THYAGARAJAN,
JANY SHARPLEY, RAWAL, CORRECTION
MEDICAL SERVICES, INC. and PRISON
HEALTH SERVICES, INC.,

          Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, OVERRULING PLAINTIFF'S
OBJECTIONS, OVERRULING DEFENDANT CMS'S OBJECTIONS IN PART,
AND GRANTING IN PART AND DENYING IN PART DEFENDANT CMS'S
MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

The case is before the Court on objections filed by the plaintiff and defendant Correction Medical Services (CMS) to a report issued by Magistrate Judge Mark A. Randon recommending that CMS's motion to dismiss or for summary judgment be granted in part and denied in part. Plaintiff Tommy Hall was a Michigan prisoner who suffered from a congenital condition that caused spinal stenosis and nerve impingement. He required surgery to decompress his spinal cord, which was performed while Hall was a prisoner. He complained because the defendants refused to provide proper follow-up care, including medications for pain, physical therapy, and double-layered mattresses. Hall filed grievances and then this lawsuit. The case was referred to Magistrate Judge Mark A. Randon to conduct all pretrial proceedings. The plaintiff was allowed to amend his complaint to join CMS as a defendant. CMS responded with a motion to dismiss or for summary judgment raising issues of failure to exhaust remedies and failure to state a claim. On October 7, 2011, Judge Randon filed his report recommending that the Court reject the exhaustion argument,

dismiss a claim against CMS based on *respondeat superior*, and deny the balance of the motion. Both sides filed timely objections, and the matter is before the Court for *de novo* review. The Court finds that the magistrate judge's conclusion is correct. Therefore, the Court will overrule the objections, adopt the report and recommendation, grant defendant CMS's motion to dismiss in part, dismiss Count 3 of the amended complaint, and deny the rest of the motion to dismiss.

I.

The facts and proceedings are familiar to the parties and need not be repeated here. The proceedings, including the pre-suit grievance proceedings, were well described by the magistrate judge. In its motion to dismiss or for summary judgment, defendant CMS contends that the plaintiff did not exhaust properly the administrative grievance process because he never identified CMS by name, instead referring to the "medical staff" when describing the failure of medical care. Also, the plaintiff allegedly failed to set out in his grievance the precise deprivation that he described in his amended complaint. CMS also argued that the complaint did not allege a claim against it for which relief could be granted because CMS cannot be found liable on the theory of vicarious liability, and the amended complaint does not allege a harm that was caused by an unconstitutional policy, custom, or practice.

The plaintiff had filed three separate grievances, but the magistrate judge focused on the October 2, 2008 filing, SMT 08-10-1184-12z, which is set out in full in the report and recommendation. The magistrate judge construed the grievance liberally and concluded that its text claimed "a lack of access to a specialist (pain doctor) and a lack of diagnostic testing (an MRI)." Rep. & Rec. at 7. The magistrate reasoned that those medical complaints and the term "medical staff" (which appears three times in the grievance) were sufficient to give prison officials fair notice

that the grievance was against CMS. Because no party disputed that the grievance was denied on the merits, the magistrate judge applied established Sixth Circuit law and concluded that "the prison's response to the merits of the Grievance satisfied the need for specificity expressed in the MDOC's grievance procedure, and the grievance filed by the plaintiff satisfied the exhaustion requirement." Rep. & Rec. at 8 (citation omitted).

The magistrate judge also found that Hall has stated a facially plausible claim of deliberate indifference against CMS. In the amended complaint, Hall identified specific policies and practices that, as adopted and implemented by CMS, operated to deprive him of his constitutional rights. CMS argued that those are policies of the MDOC that may not be imputed to CMS; however, the magistrate judge reasoned that it is unclear at this stage of the litigation whether CMS can be held accountable for following the policies. The magistrate judge recommended denial of the motion to dismiss count 2.

The magistrate recommended granting CMS's motion to dismiss Count 3 because it premises CMS's liability on the actions or inactions of its employees.

The plaintiff objected to the recommendation to dismiss Count 3 of the amended complaint because the contract between the Michigan Department and CMS made CMS "entirely responsible" for the acts of its agents, employees, servants, and subcontractors, Therefore, the plaintiff reasons, the doctrine of *respondeat superior* should apply and CMS should be liable for the acts of its employees and subcontractors. CMS responded and argued that *respondeat superior* cannot support a claim under 42 U.S.C. § 1983, citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 692 (1978). The Sixth Circuit extended the holding in *Monell* to private corporations in *Street v. Corrections*

*Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996), holding that they are also immune from claims based on *respondeat superior*.

CMS objected to the report and recommendation, urging again its exhaustion arguments and reiterating that the plaintiff did not file a single grievance identifying naming CMS by name before filing the present action; the plaintiff's grievance did not identify the same claims that he brought against CMS in the amended complaint; and it is unreasonable to require CMS personnel to understand that the grievance was filed against CMS. Hall did not respond to those objections.

## II.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

### A. Plaintiff's objections

In Count 3 of the amended complaint, the plaintiff alleges that CMS "had the duty, through its employees, including but not limited to Defendant Thyagarajan[,] to meet Plaintiff's medical needs at all times herein mentioned." Am. Compl. ¶ 52. The plaintiff then proceeds to list the offending conduct, most of which duplicates the allegations in count 2. Those paragraphs that do

not duplicate count 2 address the individual conduct of Dr. Thyagarajan and other unnamed CMS employees, including the members of the Pain Management Committee. The theory advanced in count 3 is that CMS is vicariously liable for the conduct of its employees.

The plaintiff objects to the magistrate judge's recommendation to dismiss Count 3 against CMS because a paragraph in the contract between CMS and the MDOC makes CMS "entirely responsible" for the acts of its employees. Therefore, the plaintiff reasons, the doctrine of *respondeat superior* should apply.

The contract provision states:

1-BB Relationship of the Parties. (Independent Contractor) The relationship between the State and the Contractor is that of client and independent Contractor. No agent, employee, or servant of the Contractor or any of its subcontractors shall be or be deemed to be an employee, agent, or servant of the State for any reason. The Contractor will be solely and entirely responsible for its acts and the acts of its agents, employees, servants[,] and subcontractors during the performance of this Contract.

Pl.'s Response to Mot. to Dismiss Ex. A, Contract ¶ 1-BB. The exhibit has no identifying information to connect it to CMS, but all the plaintiff's factual allegations must be accepted as true at this stage of litigation.

It is well settled that "*respondeat superior* is not available as a theory of recovery under section 1983." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691); *see also Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 403 (6th Cir. 2010). The plaintiff does not press that point. Instead, he seems to rely on the theory that Hall is a third-party beneficiary under the contract between the MDOC and CMS. However, the plaintiff's attorney has not explicitly argued such a theory. Even if she had, the theory would only apply to an action for breach of contract, and not to the constitutional claim now before the Court.

The plaintiff has cited no authority for the idea that contracting parties may expand the liability of a state actor beyond the limits set out in the Constitution and section 1983. Therefore, "[s]ection 1983 liability must be premised on more than mere *respondeat superior*, the right to control one's employees." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). A private corporation may not be held liable in a § 1983 claim based solely on *respondeat superior*; rather, a private corporation can only be held liable if the deliberate indifference suffered by the plaintiff is due to a policy, practice, or custom of the corporation. *Street*, 102 F.3d at 818 (extending *Monell*'s holding to private corporations).

The plaintiff's objection to the report and recommendation lacks merit and will be overruled.

### B. CMS's objection

The magistrate judge concluded that the plaintiff stated a claim against defendant CMS in Count 2 of the amended complaint because the plaintiff identified specific policies and practices that caused him harm, satisfying the requirements of *Monell*. The magistrate judge rejected CMS's argument that it could not be accountable for damages because the policies were those of the Michigan Department of Corrections. CMS did not object to that part of the report and recommendation. A party's failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to an unfavorable portion of the magistrate judge's report releases the Court from its duty to independently review the issue. *Thomas v. Arn*, 474 U.S. 140, 152 (1985). The Court will adopt that part of the recommendation.

CMS's three objections focus on the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory. *Porter v. Nussle*,

-6-

534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). "Exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion" means "compliance with an agency's deadlines and other critical procedural rules . . . ." *Id.* at 90.

The Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). This affirmative defense may serve as a basis for dismissal only if raised and proven by the defendants. *Ibid.*

Since the Supreme Court decided *Jones v. Bock*, the Sixth Circuit has stated that courts ought not impose severe technical requirements on prisoners who comply with the spirit and purpose of the administrative exhaustion rules. "[I]t is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (internal quotation marks and citation omitted).

A fair indicator that the purpose of the grievance was fulfilled is the prison's response to the inmate's complaint. If the information in the grievance is too vague or imprecise, a response so indicating would tell the interested parties that more detail is necessary. However, when the prison officials address the merits of the prisoner's complaint without mentioning a problem identifying the object of the grievance, the administrative system has worked, and the prison officials have had the "opportunity to correct [their] own mistakes." *Woodford*, 548 U.S. at 89 (internal citation and quotation marks omitted).

As the magistrate judge observed, the plaintiff's October 2, 2008 grievance does not identify CMS or any of its employees by name; instead, it simply refers to "medical staff." CMS objects that Hall did not exhaust because he did not file a single grievance against CMS before bringing this lawsuit. However, in *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010), a prisoner pursued a grievance through all levels of the prison's procedure and was denied on the merits at each level. The district court dismissed his section 1983 lawsuit for failure to exhaust administrative remedies because he did not include in his grievance the names of all the people involved. On appeal, the Sixth Circuit reversed, holding that, "the State's decision to review a claim on the merits gives [the court] a warrant to do so as well, even when a procedural default might otherwise have resolved the claim." *Id.* at 325.

The plaintiff's situation is similar to Reed-Bey's: despite the plaintiff's failure to name individuals, prison officials accepted the grievance and responded on the merits by quoting from his medical record. Their decision to do so, rather than reject the grievance for procedural deficiencies, shows that they had fair notice of the alleged misconduct, fulfilling the purpose of the grievance. Where the prison officials did not enforce their own procedural rules for grievances, dismissing the case now for the same inadequacies would give the MDOC's merit-based denial of the grievance "undeserved insulation from federal judicial review." *Id.* at 326.

CMS also objects that the grievance does not raise the exact same claims brought against CMS in the present action. The purpose of the PLRA's exhaustion requirement is to "affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 525. If the grievance "gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or

statutory claim made against a defendant in a prisoner's complaint," that will be sufficient to exhaust. *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) *abrogated with respect to other principles by Jones v. Bock*, 549 U.S. 199 (2007).

However, the factual allegations in the grievance and those in Count 2 of the second amended complaint are substantially similar. Both mention the denial of the plaintiff's request for a special accommodation for his mattress, the lack of a referral to a pain specialist, and inadequate pain medication to address his suffering. The grievance even identifies the violation of the Eighth Amendment's prohibition against cruel and unusual punishment as the legal basis for Hall's grievance. The main differences are found in Count 3, which deals with the individual conduct of CMS employee Dr. Thyagarajan. But that does not undermine the viability of the claims in Count 2.

CMS's final objection is that the text of the grievance could not be understood by CMS employees that the grievance was against CMS. However, the responses to the grievance at each of the three levels of the process demonstrate not only that it was *reasonable* for the people who responded to the grievance to understand that the grievance was against CMS, but that they *actually* understood that the grievance was against CMS as well.

None of CMS's objections have merit and they all will be overruled.

### III.

The Court's *de novo* review of CMS's motion to dismiss and the plaintiff's response leads to the conclusion that the magistrate judge applied the law correctly to the facts of the case.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #116] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's and defendants' objections to the report and recommendation [dkt #121, 122] are **OVERRULED**.

It is further **ORDERED** that defendant CMS's motion to dismiss or for summary judgment [dkt #87] is **GRANTED IN PART AND DENIED IN PART**.  Count 3 of the second amended complaint is **DISMISSED**.

It is further **ORDERED** that the matter is referred to Magistrate Judge Mark A. Randon under the previous reference order [dkt #12] to ready the matter for trial and to conduct a trial if the parties consent under 28 U.S.C. § 636(c)(1).

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   March 27, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 27, 2012.

s/Deborah R. Tofil  
DEBORAH R. TOFIL

---