UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMY HALL,

    Plaintiff,                CIVIL ACTION NO. 09-10933

    v.                        DISTRICT JUDGE DAVID M. LAWSON

RAJA, JAYNA SHARPLEY,         MAGISTRATE JUDGE MARK A. RANDON
CORRECTIONAL MEDICAL
SERVICES, INC., and PRISON
HEALTH SERVICES, INC.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION
DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 37(b)(2)(A)(v)**

**I.    INTRODUCTION**

On June 20, 2011, Defendants Prison Health Services and Vishnampet S. Thyagarajan, M.D. (collectively, "Defendants") filed a motion to compel Plaintiff's responses to Defendants' First Set of Interrogatories and Second Request for Production of Documents. (Dkt. No. 101).

On August 24, 2011, Defendants filed a motion to compel Plaintiff's responses to Defendants' Interrogatories to Plaintiff Regarding Experts. (Dkt. No. 104).

On September 8, 2011, this Magistrate Judge issued an Order Granting Defendants' Motions to Compel Discovery. (Dkt. No. 107). Plaintiff had until September 26, 2011 to respond to all outstanding discovery. The Order further stated that "continued failure to comply with discovery requests will result in a recommendation to the District Judge that the case be

dismissed as a sanction."

Before the Court is Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). (Dkt. No. 112). Defendants ask the Court to dismiss Plaintiffs' claims against them for failing to provide answers to Defendants' Interrogatories to Plaintiff Regarding Experts. Defendants acknowledge that Plaintiff timely faxed his answers to a co-Defendant on September 13, 2011, (Dkt. No. 112 at 4 n.1), but says that is irrelevant because they did not receive Plaintiff's answers by the Court's deadline of September 26, 2011. (Dkt. No. 112 at 4). While Defendants received Plaintiff's answers on September 28, 2011, they say Plaintiffs' answers were "woefully inadequate and do not meet the requirement of Fed. R. Civ. P. 33(b)(3) that a party answer each interrogatory fully." (Dkt. No. 112 at 4 n.1) (emphasis in original).

For the following reasons, this Magistrate Judge **RECOMMENDS** that Defendants' motion be **DENIED**.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 37(b)(2)(A)(v) says:

> If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part[.]

The Court considers four factors when assessing the dismissal of a complaint as a discovery sanction under Rule 37:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery"; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered."

*Smith v. Nationwide Mut. Fire Ins. Co.*, 410 Fed. Appx. 891, 894 (6th Cir. 2010) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997)).

**III.     RECOMMENDATION**

This Magistrate Judge finds that the first factor the Court must consider – whether Plaintiff's failure to cooperate in discovery was due to willfulness, bad faith, or fault – weighs in favor of Plaintiff.  Plaintiff signed his Answers to Interrogatories on September 11, 2011 (Dkt. No. 112; Ex. D, Answers to Interrogatories to Plaintiff Regarding Plaintiff's Experts).  This was well in advance of the September 26, 2011 deadline imposed by the Court.  In addition, a co-Defendant received Plaintiff's Answers on September 19, 2011.  Again, well in advance of the September 26, 2011 deadline imposed by the Court.  The fact that Plaintiff's Answers were completed timely supports Plaintiff's argument that his failure to cooperate in discovery was due to his attorney's failure to include them in the envelope she mailed to Defendants.  *See* Dkt. No. 118 at 2, 4.  Once Plaintiff's attorney realized that she failed to include a copy of Plaintiff's Answers to Interrogatories to Plaintiff Regarding Plaintiff's Experts, she immediately faxed a copy to Defendants on September 28, 2011.  *See* Dkt. No. 112 at 4 n.1.  The fact that the majority of the Answers were "unknown" was not Plaintiff's fault.  Plaintiff could not provide a complete answer to certain questions, because his expert did not respond to letters from Plaintiff's attorney dated May 24, 2011, July 14, 2011, and August 1, 2011.  (Dkt. No. 118; Ex. B, Letters to Dr. Spencer).

This Magistrate Judge finds that the second factor – whether Defendants were prejudiced by Plaintiff's failure to cooperate in discovery – weighs in favor of Plaintiff.  Defendants received Plaintiff's Answers two days after the September 26, 2011 deadline imposed by the

Court.  In addition, Plaintiff's failure to submit timely Answers did not interfere with Defendants' ability to file dispositive motions.  *See* Dkt. Nos. 125 and 132.

This Magistrate Judge finds that the third factor – whether Plaintiff was warned that failure to cooperate could lead to dismissal – weighs in favor of Defendants.  The Court warned Plaintiff on September 8, 2011 that "continued failure to comply with discovery requests will result in a recommendation to the District Judge that the case be dismissed as a sanction."  (Dkt. No. 107).

This Magistrate Judge finds that the fourth factor – whether less drastic sanctions were imposed or considered before dismissal was ordered – weighs in favor of Plaintiff.  The Court did not impose any monetary sanctions or less drastic sanctions in its Order dated September 8, 2011.  The Court simply ordered Plaintiff to respond to Defendants' discovery requests by September 26, 2011.

After review of the all the factors, this Magistrate Judge **RECOMMENDS** that Defendants' motion be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Sec'y of Health & Human Servs.*,

931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                s/Mark A. Randon
                                                Mark A. Randon
                                                United States Magistrate Judge

Dated: July 5, 2012

## Certificate of Service

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, July 5, 2012, by electronic and/or ordinary mail.*

                                                *s/Melody Miles*
                                                *Case Manager*